## Neely, Appellant, *v.* Rochester Tumbler Company.

*Contract—Oil and gas well—Payment—Receipt—Accord and Satisfaction.*

A person agreed to drill a natural gas well in consideration of his receiving a certain sum in money, and the cost of the well if gas were found in paying quantities, and only one half the cost of the well, if neither gas nor oil was found. After the well was drilled to a certain point, gas was struck, and the well was connected with the line of the party with whom the contract was made. Connection was shut off a few weeks later, and shortly thereafter entirely cut off. In an action to recover the money payment under the contract the defendant offered in evidence a receipt showing payment to the plaintiff of one half of the cost of drilling the well, and also offered evidence of a mutual understanding between the parties of a settlement in full of all claims in connection with the well. *Held,* (1) that it was competent for the defendant to show that the connection of the well with the line was made in order to test the well, that the test showed that it was of no value, and that there had been settlement of all claims in relation to it, made on this basis; (2) that the receipt was admissible as evidence of the highest order; (3) that no question of accord and satisfaction arose in the case.

Argued Oct. 20, 1903. Appeal, No. 49, Oct. T., 1903, by plaintiff, from judgment of C. P. Beaver Co., June T., 1900, No. 192, on verdict for defendant in case of H. J. Neely v. Rochester Tumbler Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for drilling a gas well. Before WILSON, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial (1) counsel for defendant proposed to show by a witness on the stand that this was a pocket of gas; (2) that it was not in sufficient quantity to be utilized in their lines; (3) it is proposed to show by this witness that afterwards Dr. Neely came to this witness and settled under the third clause of this contract, from the fact that Dr. Neely settled for the drilling of the well at eighty cents per foot for 1,109 feet, and accepted payment for one half—or accepted one half of the cost of the rig; and to show that defendant company furnished all the casings, and that he charged the defendant company for and they paid one half of the rentals.

Objected to by the counsel for the plaintiff for the reasons, first, that the witness has already testified, and it has been shown by the plaintiff's witness that the gas was utilized by the defendant company, and utilized in the defendant company's line for some length of time; second, that the defendant company, when it exercised its right under the first clause of the agreement, and stopped the drilling of the well, and connected it up with their line, and deprived the plaintiff from drilling down into the hundred-foot, or oil sand, it immediately became bound for the payment of the price of the well as a gas well under the contract, and for the above reasons the offer is irrelevant and incompetent.

The Court: The question here is not without considerable difficulty. There is considerable difficulty in interpreting the lease in the light of the proposed evidence. The language in the first clause or condition of this lease is, " If gas is found in quantity sufficient to be utilized in the lines of the second party," then the party of the second part will do certain things in the way of payment. The third clause provides, " If a dry hole, neither oil nor gas is obtained in paying quantities, then certain payments were to be made by the defendant company." This was all based upon an agreement by which the party of the first part agreed to drill a well to the hundred-foot sand; but before the hundred-foot sand was reached gas was found, and drilling was stopped at the instant by the defendant company, and the gas was turned into the lines of the defendant company, and utilized by it.

Now, the bearing which the testimony with regard to the settlement would have would only be sufficient to assist in one thing, that is, in determining in what view or light the plaintiff considered the well, without any specific agreement on his part as to under what conditions a settlement should be had, other than the act itself. However, the court will overrule the objection and seal a bill of exceptions upon request of counsel to the plaintiff. [1]

Plaintiff presented these points:

4. An agreement without other consideration to accept a smaller sum in satisfaction of a debt presently due cannot be enforced, and the actual acceptance of a smaller sum is not a good discharge of the debt, even as accord and satisfaction,

and the verdict must be for the plaintiff. *Answer :* Affirmed ; if the jury find that the facts in the case accord with the principle. [3]

The court charged in part as follows :

[But if the plaintiff agreed to a settlement for this well as a dry hole, then he would be bound thereby, and he could not recover in this action a settlement by which the defendant company paid the one half of the expenses and a payment of a consideration for the gas used ; the latter is not sued for in this case, and is only set up in support of defendant's theory that a full settlement had been made.

The real defense in this action, under this plea, is that there was no claim made for it, and a settlement was had under the third clause in the agreement. If you find that the plaintiff is entitled to recover in this action he will be entitled to recover the sum of $1,500, with interest from January 1, 1897 ; if he is not entitled to recover, if there was no claim and settlement had in full of this well as alleged by the defendant, the verdict should be for the defendant.] [6]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) rulings on evidence ; (3, 6) above instruction, quoting it.

*D. A. Nelson,* with him *W. S. Moore,* for appellant, cited : Brockley v. Brockley, 122 Pa. 1 ; Peirson v. Duncan, 162 Pa. 187 ; Garrett v. Gonter, 42 Pa. 143.

*J. F. Reed,* with him *J. M. Buchanan,* for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1904 :

The plaintiff was the lessee of land for the purpose of operating and drilling for petroleum and gas. He sold a half interest in his leasehold estate to the defendant, and agreed to drill a well on the following conditions : (1) If gas was found in quantities sufficient to be utilized by the defendant, he was to be paid $1,500 and the actual cost of the well. (2) If oil was found, he was to be paid one half of the actual cost of drilling at eighty cents per foot, and one half of all other expenses.

(3) If a dry hole (neither oil nor gas in paying quantities) was obtained, he was to be paid one half of the cost of drilling at eighty cents per foot and one half of all other expenses. In pursuance of this agreement, the plaintiff drilled a well and found gas at a depth of 1,109 feet. The well was at once connected with the defendant's line, but was shut off a few weeks later and entirely disconnected at the end of three months.

This action was commenced more than three years after the well had been disconnected from the defendant's line, to recover the price fixed by the first article of the agreement for a well that furnished gas in quantities sufficient to be utilized. The plaintiff rested on proof of the agreement, and that gas had been found, and the well connected with the defendant's line. The defense was that the well had been connected for the purpose of testing the supply of gas, that the supply was found to be insufficient, and the well was abandoned as useless, and that a settlement had been made at the time under the third article of the agreement. In support of this defense the defendant offered, with other items of evidence, a bill presented by the plaintiff a few days after the test was made and paid by it, in which it was charged with one half the cost of drilling 1,109 feet at eighty cents per foot and one half of the other expenses, as provided in the third article. It also offered other evidence to show that at that time there had been a mutual understanding between the parties, and a settlement in full of all claims in connection with the drilling of the well. The admission of this testimony was the main ground of contention at the trial, and it is now argued that by taking possession of the well the defendant assumed all risks as to its value and became fixed for its price, and that the receipt shows only the acceptance of a part of a debt in satisfaction of the whole, and does not establish a valid accord and satisfaction.

In this argument the plaintiff begs the whole question by assuming that his proofs are conclusive. At most they are only prima facie. The connection of the well with the gas line was evidence only from which, if unexplained and unqualified, an acceptance might have been inferred. The right of the defendant to test the well in this way was undisputed, and the jury were instructed in answer to the plaintiff's points that if the defendant used the gas or stopped the drilling of the well, it

became liable. Under the issue raised, it was competent for the defendant to prove that the connection of the well with its line was made in order to test it, that the test showed that it was of no value, and there had been a settlement of all claims in relation to it, made on this basis. As proof of a mutual understanding and final agreement and settlement, the receipt was evidence of the highest order. No question of accord and satisfaction arose. There was no claim by the defendant that there had been the acceptance of a smaller sum in payment of a larger one. The defense was that the smaller sum was all that was due, or was ever demanded.

The judgment is affirmed.